UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE CENTURYLINK, INC.
SECURITIES LITIGATION                    Master File No. 13 Civ. 03839 (LTS)


                Applies to All Actions.
-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion by CenturyLink, Inc. ("CenturyLink"), Glen F. Post, III, and R. Stewart Ewing, Jr. (collectively, "Defendants"), seeking an order, pursuant to 28 U.S.C. § 1404(a), transferring this consolidated putative class action to the United States District Court for the Western District of Louisiana. For the following reasons, Defendants' motion is granted.

### BACKGROUND

On June 5, 2013, CenturyLink stockholder Louis C. Maruzo and others filed an action against Defendants, alleging that Defendants had made certain material misstatements in connection with the sale and purchase of securities of CenturyLink and seeking remedy for violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934, and SEC Rule 10b-5. Later, on June 27, 2013, CenturyLink stockholder Gerald W. Green filed another lawsuit against Defendants containing substantially similar allegations.

On September 5, 2013, the Court consolidated these actions and appointed Gary Litrell and the Local 60 Fund as co-lead plaintiffs ("Lead Plaintiffs"), pursuant to the Private Securities Litigation Reform Act. Subsequently, on September 19, 2013, Defendants moved to

transfer venue to the Western District of Louisiana.

The Court has reviewed thoroughly the submissions and arguments of the parties. For the following reasons, the motion is granted, and the action will be transferred to the Western District of Louisiana.

## DISCUSSION

Section 1404(a) permits the district court to transfer any civil action to another district where it might have been brought, where such transfer is "[f]or the convenience of the parties and witnesses, [or] in the interest of justice." 28 U.S.C.S. § 1404(a) (LexisNexis 2012). Thus, "[s]ection 1404(a) proposes a two-part test. First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent . . . . Second, the transfer must be in the interest of justice and convenience of the parties and witnesses." Whitehaus Collection v. Barclay Products, Ltd., No. 11 Civ. 217, 2011 WL 4036097 (S.D.N.Y. Aug. 29, 2011) (quotation marks omitted).

The parties do not dispute that Lead Plaintiffs' claims against CenturyLink could have been brought in the Western District of Louisiana. Having satisfied that threshold inquiry, the Court must evaluate the following factors in determining whether transfer is appropriate:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

Morris v. Ernst & Young, LLP, No. 12 Civ. 838(KMW), 2012 WL 3964744, at *3 (S.D.N.Y. Sept. 11, 2012) (quoting In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006)). The party seeking transfer "carries the burden of making out a strong case for

transfer." N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010) (quoting Filmline (Cross–Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)) (internal quotation marks omitted).  District courts "have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness [must be] considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

When considering a motion to transfer venue, "[t]he most significant factor . . . is the convenience of party and nonparty witnesses." Everest Capital Ltd. v. Everest Fund Mgmt, L.L.C., 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002).  The court must specifically consider the degree to which the anticipated witnesses are integral to the litigation. Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).  In securities actions, key witnesses include those officers, directors, or other actors who participated in preparing or issuing the allegedly false or misleading statements. Global Cash Access Holdings, 2008 WL 4344531, at *4.

Here, Defendants have adequately identified the key witnesses they intend to call in this case and the subjects of such witnesses' testimony. See Sullivan Decl. ¶¶ 11-16.  Each of these witnesses, who are employees of the corporate defendant, resides and works in Louisiana. Defendants proffer that these individuals "are in a position to testify" about the communications that are at issue in this case.  Lead Plaintiffs assert that they wish to call several non-party New York-based analysts, securities experts and investment managers, as witnesses to statements made during conference calls (transcripts of which appear to exist) and/or to testify concerning market analytical issues.  To the extent that these witnesses would be called to testify about the documented conference calls, Lead Plaintiffs' proffer does not indicate that their testimony would

be anything more than cumulative. To the extent that their testimony would be in the nature of expert testimony, their convenience is not a significant factor in the analysis. See In re McDermott Int'l Sec. Litig., No. 08 Civ. 10615, 2009 WL 1010039, at *4 (S.D.N.Y. May 12, 2003). Nor has Lead Plaintiff demonstrated that these witnesses are amenable to compulsory process in New York. The witness convenience and availability considerations thus favor Louisiana to some degree.[1]

    Trial efficiency and the interest of justice point strongly in favor of a transfer to Louisiana.

    There are two similar consolidated shareholder derivative suits against Defendants pending in district courts in Louisiana,[2] as well as another pending in Louisiana state court. Numerous courts have recognized that transfer is appropriate when various cases involving the same or substantially similar issues are simultaneously pending in the district to which the case will be transferred. See, e.g., Eres N.V. v. Citgo Asphalt Ref. Co., 605 F. Supp. 2d 473, 483 (S.D.N.Y. 2009); In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d at 398-99 (transferring a securities class action under § 1404(a) even where the pending suit in the alternate district was a derivative action, because of "similarities in the cases' core of operative facts") (internal quotations omitted); Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously

---

[1] The Court notes that a corporate defendant would be obliged to produce its employee-witnesses in either forum.

[2] Rosen v. Post, No. 3:13-cv-02318-RGK-JDK and Jaegers v. Post, 13 Civ. 2983, have been consolidated and are pending in the Western District of Louisiana, while Palkon v. Post, No. 2:13-cv-05010-SM-SS and Phillips v. Post, No. 2:13-cv-05414-SM-DEK have been consolidated and are pending in the Eastern District of Louisiana. Each of these cases has been stayed pending the filing of additional related complaints.

pending in different District Courts leads to the wastefulness of time, energy and money that [section] 1404(a) was designed to prevent."). "[T]he benefits of consolidating related cases in a common forum are often substantial. Such consolidation may advance the strong policy interests of achieving efficient pretrial discovery, avoiding duplicative litigation, and avoiding inconsistent results." Am. S.S. Owners Mut. Prot. & Indemn. Association v. American Boat Co., No. 11 Civ. 6804, 2012 WL 1382278, at *3 (S.D.N.Y. Apr. 20, 2012); see also McDermott, 2009 WL 1010039, at *2.

   The remaining factors weigh, on balance, in favor of transferring venue in this case to the United States District Court for the Western District of Louisiana. The locus of operative facts – a significant factor in analyzing a motion for transfer under § 1404(a) – strongly suggests Louisiana as the proper venue. This case will primarily hinge on alleged fraudulent misrepresentations, which are "deemed to occur in the district where the misrepresentations are issued or the truth is withheld." See In re Stillwater Min. Co. Sec. Litig., No. 02 Civ. 2806(DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003) (holding most "operative facts" in putative securities class action occurred in defendant corporation's home state of Montana, even considering institutional investor meeting in New York and the listing of the defendant's stock on the New York Stock Exchange). Here, it is undisputed that the misrepresentations that Plaintiffs have identified in their pleadings were all made in the Western District of Louisiana, which tips this factor in favor of transfer. The location of relevant documents, and relative ease of access to sources of proof, favor Louisiana, although only slightly, given the availability of electronic means of reproducing and transmitting even paper documentation. The party convenience factor favors Louisiana for these same reasons. Lastly, Plaintiffs' choice of forum warrants only limited consideration. Although "[a] plaintiff's choice of forum is generally entitled to considerable

weight . . ." it is well settled in this district that such "weight is reduced . . . in a stockholder class action, where members of the class are dispersed throughout the nation." In re Global Cash Access Holdings, Inc. Sec. Litig., No. 08 Civ. 3516, 2008 WL 4344531, at *7 (S.D.N.Y. September 18, 2008) (citing Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998)). Lead Plaintiffs argue that their "choice of forum is entitled to substantial weight given the policy considerations underlying Section 27 of the Exchange Act . . ." (Opposition at 3.) The Court is not persuaded. The venue provisions of Section 27 do not give a securities plaintiff's choice of forum special weight in a Section 1404(a) analysis. "[A] court's discretion under § 1404(a) is not circumscribed by the jurisdictional provisions of the 1934 Act." Ravenswood Invest. Co., L.P. v. Bishop Capital, No. 04 Civ. 9266, 2005 WL 236440, at *8 (S.D.N.Y. Feb 1, 2005) (citing Nematron, 30 F. Supp. 2d at 406) (internal quotation marks omitted). In any event, even if the Court were to accord substantial weight to Plaintiffs' choice here, the factors strongly favoring transfer outweigh it.

The Court has considered the remainder of Lead Plaintiffs' objections to transfer and finds that they are without merit, or that they otherwise fail to weigh significantly against transfer. Defendants have demonstrated that the interests of justice and convenience to the parties and witnesses strongly favor transfer of this case to the United States District Court for the Western District of Louisiana.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is granted. The Clerk of Court is requested to transfer the above-captioned consolidated actions to the Monroe Division of the United States District Court for the Western District of Louisiana and close it on the books of this Court. This Order resolves docket entry no. 38.

The conference scheduled for March 21, 2014, is cancelled.

SO ORDERED.

Dated: New York, New York
       March 18, 2014

                                                     /S                    
                                              LAURA TAYLOR SWAIN
                                              United States District Judge